**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 27 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

DONALD E. ARMSTRONG,

      Appellant,

v.

ROGER G. SEGAL, as Trustee of the
Mountain Pacific Ventures, Inc.;
STEPPES APARTMENTS, LTD.,

      Appellees.

No. 03-4005
(D.C. No. 2:02-CV-567-BSJ)
(D. Utah)

**ORDER AND JUDGMENT** *

Before **McCONNELL** , **ANDERSON** , and **BALDOCK** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

\*    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Appellant Donald E. Armstrong owned and controlled debtor Mountain Pacific Ventures, Inc. (MPV), which voluntarily filed a chapter 11 bankruptcy petition. Appellee Roger G. Segal (trustee) was eventually appointed trustee of the MPV estate. On December 19, 2001, the bankruptcy court issued a confirmation order approving the trustee's proposed reorganization plan for MPV. Armstrong, as an unsecured creditor of MPV, appealed the confirmation order to the district court but did not seek a stay of the order pending appeal. During the pendency of the appeal in the district court, the plan was substantially consummated and all unsecured creditors, including Armstrong, were paid in full with interest.

On December 12, 2002, the district court held that the appeal was moot and, alternatively, that the bankruptcy court had committed no reversible error of law or fact. Armstrong appeals that order to this court.

Our jurisdiction arises under 28 U.S.C. § 158(d) and, after reviewing the order of the district court, the applicable law and the submissions of the parties, we affirm. A later and unrelated holding of the BAP regarding the bankruptcy court's jurisdiction to enter criminal sanctions against Armstrong has no bearing on this appeal.

Armstrong's motion to file a supplemental appendix is GRANTED. The judgment of the district court is AFFIRMED.

Entered for the Court


Bobby R. Baldock
Circuit Judge